IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HARRIS COUNTY, TEXAS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary of United States Department of Health and Human Services, *et al.*, <br><br> Defendants. | Case No. 1:25-cv-1275-CRC |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants hereby provide notice of the Supreme Court's August 21, 2025 decision in *National Institutes of Health, et al. v. American Public Health Association*, *et al.*, 606 U.S. ___, No. 25A103, 2025 WL 2415669 (U.S. Aug. 21, 2025) ("*NIH*"), attached here as Exhibit A. In *NIH*, the Court granted the Government's application to stay the district court's declaratory judgments "vacating the [National Institutes of Health's] termination of various research-related grants." *Id*. at *1. Specifically, the Court overturned the First Circuit Court of Appeals' denial of the stay of those judgments (i) on jurisdictional grounds, because the claims likely belong in the Court of Federal Claims, and (ii) because of the potential irreparable harm facing the Government. *Id*. As explained below, these holdings in *NIH* provide additional grounds for this Court to deny plaintiff American Federation of State, County, and Municipal Employees' (AFSCME's) Motion for Partial Reconsideration (ECF No. 39), which is currently pending.

First, with respect to jurisdiction, the Court in *NIH* emphasized its earlier reasoning in *Department of Education v. California,* 604 U.S. __, 145 S. Ct. 966 (2025) *(per curiam)*, where the Court had granted a stay because it found the government likely to prevail in showing that

1

the district court lacked jurisdiction to order the government to pay grant obligations: "The Administrative Procedure Act's 'limited waiver of [sovereign] immunity' does not provide the District Court with jurisdiction to adjudicate claims 'based on' the research-related grants or to order relief designed to enforce any 'obligation to pay money' pursuant to those grants." *NIH* at *1 (quoting *California*, 145 S. Ct. at 968). The Court's order in *NIH* therefore makes clear that "the District Court likely lacked jurisdiction to hear challenges to the grant terminations, which belong in the Court of Federal Claims . . . ." *Id*. at *2 (Barrett, J., concurring) (citing *California*, 145 S. Ct. 966 ) (*per curiam*). *See also, id.* at *1 (Kavanaugh, J., concurring) (citation omitted) (explaining that, under *California*, "The core of plaintiffs' suit alleges that the Government unlawfully terminated their grants. That is a breach of contract claim . . . . [which] must be brought in the Court of Federal Claims, not federal district court.").[1]

This jurisdictional holding provides additional grounds for this Court to deny AFSCME's Reconsideration Motion. AFSCME downplays the "uncertainty over . . . jurisdictional issues"— one of this Court's specific grounds for declining to extend its preliminary injunction to cover grants to the State of Alaska or Jackson County, Ohio. *See* Memorandum Opinion ("Mem. Op."), ECF No. 33, at 42; AFSCME's Reply ISO of Mot. for Partial Reconsideration (ECF No. 43) at 12. This Court had attributed that "uncertainty" (at least in part) to *California. See* Mem. Op. at 31. Now, *NIH* confirms that *California* is controlling. In this case, as in both *NIH* and *California*, Plaintiffs' "injury and alleged right to payment stem from the government's refusal to pay promised grants according to the terms and conditions that accompany them." *NIH*, at *3-4

---

[1] Because this case concerns only grant terminations, this Notice does not discuss the portion of *NIH* denying the request to stay the district court's judgments vacating the Government's guidance related to the grant terminations. *NIH*, at *2.

(Gorsuch, J., concurring).[2]  In fact, Justice Gorsuch's concurrence specifically emphasizes that the reasoning in *California* "binds lower courts as a matter of vertical *stare decisis*": "even probabilistic holdings—such as *California*'s top-line conclusion that 'the Government is likely to succeed in showing the District Court lacked jurisdiction to order the payment of money under the APA,' must 'inform how a [lower] court' proceeds 'in like cases[.]'" *Id.* at 4 (Gorsuch, J., concurring) (quoting *California,* 145 S. Ct. at 968, and *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025)).

Second, in *NIH*, when staying the district court judgment against the grant terminations, the Supreme Court emphasized the irreparable harm facing the federal government, when required to pay out money which it might never recover if it ultimately prevails:

> [W]hile the loss of money is not typically considered irreparable harm, that changes if the funds cannot be recouped and are thus irrevocably expended. The Government faces such harm here. The plaintiffs do not state that they will repay grant money if the Government ultimately prevails. Moreover, the plaintiffs' contention that they lack the resources to continue their research projects without federal funding is inconsistent with the proposition that they have the resources to make the Government whole for money already spent.

*Id.* at *1 (citation omitted).  This same reasoning applies here.  Plaintiff AFSCME does not speak for the State of Alaska or Jackson County, and therefore does not, and cannot, contend that those non-parties will repay grant money if the Government ultimately prevails.  And the Court already dismissed "as too uncertain" the notion espoused by Plaintiffs that HHS regulations might permit

---

[2] The underlying complaints in *NIH* assert both APA and constitutional claims, specifically separation of powers and Spending Clause claims (as in the complaint in this case).  *See NIH,* at *4 (Jackson, J., dissenting).

3

the agency to offset any wrongfully paid out funds against other HHS grants these non-parties (or Plaintiffs) hold.  *See* Mem. Op. at 30.[3]

In this light, AFSCME cannot continue to downplay the potential financial burden to the Government.  Specifically, AFSCME contends that:

> [J]ust as the potential cost to the federal government was outweighed by the irreparable harm suffered by the Plaintiff Local Governments, justifying injunctive relief in their favor, any impairment to the federal government in granting additional relief to only two other jurisdictions, Alaska and Jackson County, is outweighed by the irreparable harm to the AFSCME public health workers in those jurisdictions.

AFSCME's Mem. ISO Mot. for Partial Reconsideration, ECF No. 39-1, at 9 (citations omitted). This argument is untenable, because *NIH* makes clear that the "impairment to the federal government" (as AFSCME puts it, *see id.*) is in fact "irreparable harm."  *NIH* at *1.  And in light of *NIH*, there is no reason to credit AFSCME's contention that the alleged "irreparable harm to the AFSCME public health workers" outweighs the irreparable harm facing the Government. *See* AFSCME Mem. at 9.

*NIH* therefore confirms that this Court should deny AFSCME's Reconsideration Motion, and not extend the preliminary injunction to cover grants to Alaska and Jackson County.

DATED: August 28, 2025                    Respectfully submitted,

 

                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        MICHELLE BENNETT
                                        Assistant Director, Federal Programs Branch

---

[3] AFSCME also appears to contend that Alaska and Jackson County lack the resources to continue the activities previously funded by the now terminated grants, further undercutting any notion that the jurisdictions might repay the federal government.  *See NIH*, at *1; *see, e.g.,* Pls.' Mem. ISO of their Mot. for a Prelim. Inj. (ECF No. 14-1), at 37.

/s/ *Steven M. Chasin*
STEVEN M. CHASIN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0747
Steven.M.Chasin2@usdoj.gov

*Counsel for Defendants*