```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
HARRIS COUNTY, TEXAS, et al.,
                                          CA No:  1:25-cv-01275-CRC
            Plaintiffs,
                                          Washington, D.C.
                                          Thursday, May 1, 2025
v.                                        11:01 a.m.

ROBERT F. KENNEDY, JR., et al.,

            Defendants.
- - - - - - - - - - - - - - - - x
_____

              TRANSCRIPT OF VIDEO STATUS CONFERENCE
        HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                    UNITED STATES DISTRICT JUDGE
_____
APPEARANCES:

For the Plaintiffs:       JOEL L. MCELVAIN, ESQ.
                          POOJA BOISTURE, ESQ.
                          DEMOCRACY FORWARD
                          P.O. Box 34553
                          Washington, DC 20043
                          (202) 935-1082
                          jmcelvain@democracyforward.org

                          EDWARD DAVID SWIDRISKI, III, ESQ.
                          TIFFANY BINGHAM, ESQ.
                          HARRIS COUNTY ATTORNEY'S OFFICE
                          1019 Congress, Ste 15th Floor
                          Houston, TX 77002
                          (713) 274-5329
                          Edward.Swidriski@harriscountytx.gov

                          AISHA RICH, ESQ.
                          ALEXANDRA KLIGER, ESQ.
                          KATHERINE CARTER COURTNEY, ESQ.
                          PUBLIC RIGHTS PROJECT
                          490 43rd Street, Suite 115
                          Oakland, CA 94609
                          (206) 499-4237
                          aisha@publicrightsproject.org

     (CONTINUED ON NEXT PAGE)
```

```
 1      APPEARANCES (Continued)

 2      For the Defendants:        STEVEN CHASIN, ESQ.
                                   U.S. DEPARTMENT OF JUSTICE
 3                                 Civil Division
                                   1100 L Street, NW
 4                                 Washington, DC 20005
                                   (202) 305-0747
 5                                 steven.m.chasin2@usdoj.gov

 6
        Court Reporter:            Lisa A. Moreira, RDR, CRR
 7                                 Official Court Reporter
                                   U.S. Courthouse, Room 6718
 8                                 333 Constitution Avenue, NW
                                   Washington, DC  20001
 9                                 (202) 354-3187
```

```
 1                    P R O C E E D I N G S
 2            THE COURTROOM DEPUTY:  This is Civil Matter
 3   25-cv-1275, Harris County Texas, et al. v. Robert F.
 4   Kennedy, Jr., et al.
 5            Starting with plaintiffs' counsel, please identify
 6   yourselves for the record.
 7            MR. McELVAIN:  Good morning, Your Honor; I'm Joel
 8   McElvain from Democracy Forward.  I am joined today by
 9   Edward Swidriski and Tiffany Bingham of the Harris County
10   Attorney's Office representing the lead plaintiff, Harris
11   County.  I'm also joined by Pooja Boisture, also Democracy
12   Forward.  Together with Ms. Boisture we represent the
13   remaining plaintiffs.
14            And I'm also joined by Aisha Rich, Alexandra
15   Kliger, and Katherine Courtney of the Public Rights Project
16   who represent all of the plaintiffs with the exception of
17   Harris County and AFSCME.
18            THE COURT:  Okay.  Thank you.  Nice to meet
19   everybody.
20            Ms. Boisture, we've got to get you into the D.C.
21   bar first, I see.
22            MS. BOISTURE:  Yes, that's right, Your Honor.  I
23   understand it's a year-long process so you'll be seeing more
24   pro hac vice motions from me in the meantime.  Sorry about
25   that.
```

```
 1                THE COURT:  Sorry to have jumped the gun a little
 2      bit on that.
 3                MS. BOISTURE:  That's okay.
 4                THE COURT:  And for the government?
 5                MR. CHASIN:  Yes, good morning, Judge; this is
 6      Steven Chasin from the U.S. Department of Justice, Civil
 7      Division, Federal Programs Branch, on behalf of defendant.
 8                THE COURT:  Good morning, Mr. Chasin.  Nice to
 9      meet you as well.
10                MR. CHASIN:  Thank you very much.
11                THE COURT:  Thanks for calling in.  We obviously
12      received the preliminary injunction application yesterday.
13      I have only skimmed it.  I thought I'd get you folks on the
14      phone to discuss scheduling.
15                I know that there are a slew of other grant
16      funding cases out there.  I have a hard-enough time keeping
17      track of my own cases, let alone other judges' cases, but it
18      occurred to me to ask you folks at the outset whether there
19      may be any other cases that you're aware of challenging the
20      same or similar grants on similar grounds that may be
21      decided in the courts of appeal, not just the D.C. Circuit
22      -- I mean, primarily the D.C. Circuit but maybe other courts
23      of appeal within the next few weeks or within the time frame
24      of this application.  And if so, you know, how should that
25      affect the schedule here?
```

1       In other words, I'm not too eager to decide an
2  issue that the Court of Appeals may be on the verge of
3  deciding in a way that is binding on me.
4       So why don't we start with the government since
5  you're the recipient of all these PI motions.  Anything that
6  may bind the Court on the horizon in the next few weeks?
7       MR. CHASIN:  Thank you, Your Honor.
8       Your Honor, I was just assigned the case yesterday
9  afternoon so I'm afraid I don't have a terribly fulsome
10 response for you.  But if I may direct Your Honor to
11 Paragraph 105 of plaintiffs' complaint, plaintiffs' do
12 reference an action titled *Colorado v. HHS* pending in the
13 District of Rhode Island, which I believe concerns similar
14 issues.  Again, from my cursory reading so far.  I don't
15 believe that's in an appellate court at this time.  I
16 believe it's still pending before the district court.
17      THE COURT:  Okay.  Mr. McElvain, can you shed any
18 light?
19      MR. McELVAIN:  Yes, Your Honor.  There is another
20 case pending in Rhode Island.  That's the *Colorado v. HHS*
21 that Mr. Chasin referenced.  It's a case brought by
22 attorneys general of several states; not all 50 states, but
23 several states.  They received a TRO in their favor on April
24 5th.
25      Judge McElroy of the District of Rhode Island held

```
 1    a PI hearing on April 17th so we're awaiting a PI decision
 2    on that, which, if that is a decision that's favorable to
 3    the plaintiffs, most likely would accord relief to the
 4    plaintiff states, but not nationwide relief.
 5              Our plaintiffs are outside of the plaintiff states
 6    with the exception of AFSCME, which, of course, represents
 7    plaintiffs nationwide both in states that are represented in
 8    that litigation and other states, so we believe that this
 9    action is necessary to accord similar relief to other
10    plaintiffs as well.
11              THE COURT:  Okay.  So he or she -- Judge -- who is
12    the judge in Rhode Island?
13              MR. McELVAIN:  I believe her first name is Mary,
14    Judge Mary McElroy.
15              THE COURT:  So she held a PI hearing on April
16    17th.  Any indication of when -- did she indicate when she
17    might issue a ruling?
18              MR. McELVAIN:  Not to my knowledge, but the TRO
19    was entered on April 5th, so I would expect a ruling soon
20    from her on the PI.
21              THE COURT:  Okay.
22              MR. McELVAIN:  But, again, we don't anticipate
23    that it would -- we would be pleasantly surprised if this
24    anticipation were accepted, but we do not currently
25    anticipate that Judge McElroy is contemplating nationwide
```

1    relief which necessitates this action.
2             THE COURT:  Okay.  And what about cases in this
3    circuit?  I know that Judge Chutkan has the *Climate Fund*
4    case.  Judge Lamberth has the *Voice of America* case.  Are
5    those similar grant structures or different?
6             MR. McELVAIN:  There are no other cases pending,
7    apart from the Colorado case, challenging this particular
8    termination decision with regard to the CDC termination of
9    public health funding.
10            THE COURT:  Okay.
11            MR. McELVAIN:  There are other cases pending
12   raising similar issues of separation of powers with regard
13   to termination of grants, of course, but with respect to
14   this specific decision, it's only this action and the
15   Colorado action.
16            THE COURT:  All right.
17            All right.  So the local rules require an
18   opposition to the PI within seven days.  Mr. Chasin, any
19   reason the government can't meet that deadline?
20            MR. CHASIN:  Your Honor, I would respectfully
21   request additional time for multiple grounds.
22            First of all, as I said, Your Honor, I was just
23   assigned the case yesterday, but I would like to provide the
24   Court fulsome briefing.  They argue a number of grounds.
25   They also acknowledge in their -- in the PI itself that

1   there's a jurisdictional or potential jurisdictional issue.
2           I would also point out, Your Honor, that the
3   underlying events occurred on March 24th and March 25th.
4   That's when the preliminary injunction motion states that
5   defendants implemented the mass termination decisions.
6   Obviously that's more than a month ago.  The complaint was
7   filed a week ago.
8           So I respectfully, Your Honor, if Your Honor would
9   be amenable to it, request an opposition deadline of May
10  21st, which is Wednesday, three weeks from yesterday, but
11  the date of the filing of the preliminary injunction motion.
12          THE COURT:  Okay.  So that's the date by which the
13  rules require the Court to hold a hearing.  That's 21 days
14  after the filing of the application, so I would have to make
15  some findings that an extension of that deadline is based on
16  good cause.
17          Mr. McElvain.
18          MR. McELVAIN:  Your Honor, we would request that
19  we follow the ordinary schedule for preliminary injunction
20  under this Court's local rules.  That would call for a
21  response from the government by May 7th, our reply by May
22  14th, and a hearing by May 21st for several reasons.
23          First of all, our harm is ongoing.  Each day that
24  goes by involves each of our plaintiff municipalities and
25  employers of AFSCME members across the country unable to

1    perform the important public health work that they very
2    specifically need to do and that they rely on this funding
3    to perform.
4            On top of that, several of the events at issue
5    have conclusion dates of June 30th.  In particular, the
6    Harris County immunization grant referenced in our pleadings
7    would expire on June 30th and has funding for vaccine
8    administration both for COVID-19 and other vaccines and
9    funds the work of 33 full-time employees and others.  That
10   is in the Kiger declaration, ECF No. 14-4.
11           Both Columbus Ohio and Kansas City are in similar
12   situations facing June 30th termination dates for funding
13   that they are entitled to, which has been terminated under
14   this -- what we contend is the unlawful termination
15   decision.  I would refer the Court to the Tong declaration
16   and Jones declaration, ECF-14-7 and 14-8.
17           So we would need relief not just by June 30th but
18   well in advance of June 30th so they can reinstate their
19   efforts under these grants to be sure that they can lawfully
20   apply the funds that they believe that they are entitled to
21   absent this termination decision.
22           THE COURT:  Okay.  We'll take a look at those
23   declarations.  I'm inclined to adhere to the standard -- to
24   the schedule set forth in the local rules for a hearing.  It
25   turns out that based on my schedule, a hearing on the 20th

1   or the 21st is probably going to work out best for the
2   Court.  I'd rather not do this remotely.  I'm going to be
3   out of town.  I'd rather do it here in the courtroom.
4           So that if we do the hearing then, Mr. Chasin, I
5   might be able to give you a little relief on the 7 days, but
6   I'd like to get this heard within the 21 days required by
7   the rule.  All right?
8           So we'll take a look at that and enter a schedule.
9   Would you like to respond briefly?
10          MR. CHASIN:  Yes, Your Honor.  Thank you very
11  much.
12          If I may point out, plaintiffs attached I believe
13  14 declarations to their preliminary injunction motion.
14  That will take time to go through.
15          The government possibly may want to seek out
16  declarations of its own.  That may take time coordinating
17  with agency counsel.
18          And, again, plaintiffs' counsel referred to
19  ongoing harm, but the harm, according to plaintiffs' own
20  moving papers, occurred at the end of March, March 24th and
21  March 25th, and they've had well over a month to prepare the
22  papers for this.
23          So respectfully, Your Honor, I would request more
24  than seven days.  I understand Your Honor would like to hold
25  a hearing on the 20th or the 21st, but I would also like to

1   provide -- the government would like to provide the Court
2   the best possible briefing on all of the issues and all of
3   the claims and the potential jurisdictional issue raised in
4   the papers.
5           THE COURT:  I understand.  We'll consider that.
6           With respect to the jurisdictional issues, just a
7   couple of cases where the Court has analyzed analogous
8   issues.
9           The plaintiffs cited *ANERA v. USAID* in the
10  application where we dealt with the question of whether
11  cooperative agreements constitute contracts for Tucker Act
12  purposes.
13          Another case you might want to take a look at is
14  we recently did a Megapulse source of rights analysis in a
15  case called *Twin Metals v. United States*, which involved a
16  challenge to the cancellation of mining leases on federal
17  lands.  That arose in a different context, but at least it
18  might give you a road map of how I approached that issue.
19  That case was recently argued on appeal, but there's not
20  been a decision yet.  Okay?
21          So we'll get out a scheduling order.  Anything
22  else?
23          MR. McELVAIN:  Not from the plaintiffs, Your
24  Honor.
25          MR. CHASIN:  Not from the government, Your Honor.

1  Thank you very much.
2          THE COURT:  And, obviously, if there are any
3  developments in the Rhode Island case, please let us know.
4  Okay?
5          MR. CHASIN:  Of course.
6          MR. McELVAIN:  Thank you, Your Honor.
7          THE COURT:  With that, we are adjourned.
8          MR. CHASIN:  Thank you very much.
9          MR. McELVAIN:  Thank you, Your Honor.
10            (Whereupon the hearing was
11             adjourned at 11:14 a.m.)
12
13         **CERTIFICATE OF OFFICIAL COURT REPORTER**
14
15        I, LISA A. MOREIRA, RDR, CRR, do hereby
16  certify that the above and foregoing constitutes a true and
17  accurate transcript of my stenographic notes and is a full,
18  true and complete transcript of the proceedings to the best
19  of my ability.
20     Dated this 1st day of May, 2025.
21
22
                                /s/Lisa A. Moreira, RDR, CRR
23                              Official Court Reporter
                                United States Courthouse
24                              Room 6718
                                333 Constitution Avenue, NW
25                              Washington, DC 20001