# EXHIBIT C

**TEXAS Health and Human Services**

**Texas Department of State Health Services**

Jennifer A. Shuford, M.D., M.P.H.
*Commissioner*

December 1, 2025

Jamie Legier
Chief Grants Management Officer
Office of Grant Services
Centers for Disease Control and Prevention

RE: CDC Awards: NH23IP922616 and NU50CK000501

Dear Ms. Legier,

This letter is in response to the correspondence dated September 19, 2025, that you sent to the Texas Department of State Health Services (DSHS) on behalf of the Centers for Disease Control (CDC) and the U.S. Department of Health and Human Services (HHS) in regard to the above listed grants.

Your letter makes two assertions that are incorrect. First, you imply that the indirect costs calculated by application of DSHS approved indirect rate are the only costs owed as reimbursement for DSHS activities as a passthrough entity. Second, you imply that DSHS has already received all the allowable costs of managing the subawards to Harris County.

Under 45 CFR 75.402 Composition of Costs, the regulation in place at the time the subject awards were issued, the total cost of a Federal award is the sum of the allowable direct and allocable indirect costs less any applicable credits. The discussion of DSHS' indirect rate accurately describes how DSHS *indirect* costs would be calculated as a percentage of modified total direct costs. What the letter ignores are the direct costs incurred for activities conducted by DSHS that constitute the modified total direct costs to which the stated indirect rate would apply. Direct costs for subaward administration were authorized under the terminated grants.

As to the second assertion that DSHS has already received its costs for administering the subawards to Harris County, this cannot be possible due to the procedures under which reimbursement would have been claimed. Prior to CDC termination of the grants, DSHS would not have claimed

reimbursement for its subaward administration costs until after DSHS has reviewed and approved periodic invoices submitted by a subawardee. Once the invoice is paid to the subcontractor, the indirect cost is drawn down from PMS. We do not draw for expenditures not incurred.

In the case of Harris County, the balances outstanding of their subawards were $12,668,625.19 and $966,567.71; no invoices were submitted or reviewed for these outstanding amounts, therefore DSHS did not incur, and was not reimbursed for, the costs of administering the terminated portions of these grants.

DSHS is not a party to the litigation between Harris County and HHS; and the State of Texas certainly was not obligated to bear the costs of HHS' compliance with a court order stemming from this litigation. In the absence of such an obligation, DSHS would be legally prohibited from expending state general revenue funds to perform uncompensated work on behalf of the federal government.

Perhaps, in recognition that CDC cannot legally compel an agency of the State of Texas to perform grant activities without reimbursement, CDC has offered to allow DSHS to recoup its costs by directing DSHS to negotiate an arrangement with Harris County to subtract DSHS' administrative costs out of the outstanding balances owed under the subawards to Harris County.

If such an arrangement were to be put into place, it would necessarily mean that Harris County would be accepting an amount less than ordered by the court. As stated previously, DSHS was not a party to the litigation between Harris County and HHS. As a non-party, and as an agency of the State of Texas, DSHS is of the opinion that it would be inappropriate and outside of DSHS' legal authority to engage in negotiations with Harris County, at the direction of CDC, with the stated goal of convincing Harris County to accept amounts less than the amount ordered by the court.

As a result of the failure to reinstate the grants that funded DSHS' administration of the subawards to Harris County, CDC is refusing to provide reimbursement for the total allowable costs that would necessarily be incurred by DSHS in reinstating these subawards. DSHS estimates these costs at $18,800 per the terms of the original grants. If CDC still intends for

Jamie Legier
December 1, 2025
3

DSHS to administer new subawards to Harris County, then CDC should provide a new grant covering the subaward amounts satisfying the court order and include funds sufficient for reimbursement of DSHS' costs of administration.

Additionally, the CDC Immunization award NH23IP922616 expired September 1, 2025. We are requesting an issuance of a new Notice of Award. If CDC does not want to cover the costs of administration for these two grants, CDC can award the two balances directly to Harris County and administer the awards.

Please confirm how CDC intends to move forward for each of the grant awards. Questions should be directed to our named Authorized Officials Dr. Grace Kubin for ELC at grace.kubin@dshs.texas.gov or Josh Hutchison for Immunizations at josh.hutchison@dshs.texas.gov.

Sincerely,

*[signature]*

Imelda Garcia, MPH
Chief Deputy Commissioner
Texas Department of State Health Services


Cc:   Nancy Wong, CDC Immunizations Project Officer
      Christine Mills, CDC ELC Project Officer
      Benjamin Weiss, CDC ELC Grants Management Officer
      Randi Tolstyk, CDC Grants Management Officer