# EXHIBIT D

**Chasin, Steven M (CIV)**

| | |
|---|---|
| **From:** | Chasin, Steven M (CIV) |
| **Sent:** | Friday, July 25, 2025 4:34 PM |
| **To:** | Sai Mohan; Aisha Rich |
| **Cc:** | Pooja Boisture; Joel McElvain; Edward Swidriski; Jonathan Fombonne; Sasha Kliger; Toby Merrill; Zack Demars; tiffany.bingham@harriscountytx.gov; katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org; Cassandra Crawford; GYeomans@afscme.org |
| **Subject:** | RE: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC -indirect grants |

Dear Sai,

First, regarding the amount remaining to be paid by Texas to Harris County for the two indirect grants, CDC explained to me that the revised totals are based on confirmation with the Prime recipient (Texas) on the source of funds, the amount provided to the sub-awardee, and the remaining balance that had not been expended by the sub-awardee and the period of performance. To the extent you believe that the corrected amount remaining to be paid by Texas to Harris County is incorrect, we would suggest that you contact the Texas DSHS point of contact, which I provide below.

Insofar as Plaintiff Local Governments are seeking an extension of the sub-award performance periods with the Primes, the Plaintiff Local Governments would need to contact the Primes (states) directly to discuss any such extension. CDC is not a party to the subawards and has no ability or authority to extend the performance period for subawards between the states and Plaintiff Local Governments. That is why in our earlier discussions of implementing end-date extensions, I emphasized in my July 9 email to you (further below), that the extension would apply to the award between CDC and the state government. ("Regarding the indirect grants, we would agree that the same principle of extension would apply to the end dates on the <u>awards between CDC and the state governments</u>, although the extension time will be different, and the new end date <u>would be incorporated into the NOA when CDC issues it to the respective state government</u>.") (emphasis added).

Below, I'm providing CDC's point of contact for those four Primes (with whom CDC has been communicating to validate the remaining amount and other information for the sub-awards).

<u>Texas Department of State Health Services</u>
Grace Kubin, Ph.D.
Deputy Commissioner
Laboratory Director
Public Health Laboratory Division
Texas Department of State Health Services
Tel: (512) 776-2468
Grace.Kubin@dshs.texas.gov

<u>Missouri Department of Health and Senior Services</u>
Pamela Sandbothe, CPA
Controller
Missouri Department of Health and Senior Services
Tel: 573-522-3471
pamela.sandbothe@health.mo.gov

<u>Tennessee Department of Health</u>
John Webb
Deputy Commissioner for Operations
Tennessee Department of Health
John.Webb@tn.gov
Tel: 615-741-3886

<u>Ohio Department of Health</u>
Paul Ingiosi
Chief Fiscal Officer
Office of Financial Affairs
Ohio Department of Health
Paul.Ingiosi@odh.ohio.gov

Thank you,
Steve


Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

---

**From:** Sai Mohan
**Sent:** Thursday, July 24, 2025 4:24 PM
**To:** Chasin, Steven M (CIV) ; Aisha Rich
**Cc:** Pooja Boisture ; Joel McElvain ; Edward Swidriski ; Jonathan Fombonne ; Sasha Kliger ; Toby Merrill ; Zack Demars ; tiffany.bingham@harriscountytx.gov; katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org; Cassandra Crawford ; GYeomans@afscme.org
**Subject:** [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC -indirect grants


Steve,

We did not understand from your emails that CDC needed to issue new NOAs to the states before the states had the ability to fund the terminated subawards. Regardless of the reason for that misunderstanding, we certainly would have expected Defendants to take and complete any necessary steps to fund these grants (including any efforts to "validate" the grants) much sooner than today, in order to effectuate the PI as to the indirect grants. Instead, we are in a situation where many of the subawards, including Harris County's $13 million IMMU grant, have expired, and other grants, such as Kansas City's $1.5 million ELC grant, are expiring imminently. Defendants have therefore, through this delay, continued to "giv[e] effect to the March 2025 terminations" of those grants in violation of the June 17 PI, Dkt. No. 32 at 1, and perhaps permanently if the subaward deadlines are not extended.

We understand you have been in communication with the states about these grants. Have Defendants had any discussions with the states about extending the subaward deadlines, or what the states will do once the NOAs are issued by CDC? What steps can Defendants take now to ensure that the subaward deadlines are extended, to cure their noncompliance with the PI? Please let us know by tomorrow, July 25, what steps if any Defendants plan to take so that we can evaluate whether to seek relief from the Court.

Finally, the new notice to Texas DSHS does not explain how Defendants calculated the "updated (corrected) amounts" for the two indirect grants to Harris County. Please provide clarification as to how Defendants arrived at those reduced figures.

Thanks,
Sai

--
Sharanya (Sai) Mohan (she/her)
Senior Staff Attorney
c. 713-501-1762
Public Rights Project

---

**From:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Date:** Thursday, July 24, 2025 at 7:38 AM
**To:** Sai Mohan <sai@publicrightsproject.org>, Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>, Joel McElvain <jmcelvain@democracyforward.org>, Edward Swidriski <Edward.Swidriski@harriscountytx.gov>, Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>, Sasha Kliger <sasha@publicrightsproject.org>, Toby Merrill <toby@publicrightsproject.org>, Zack Demars <zack@publicrightsproject.org>, tiffany.bingham@harriscountytx.gov <tiffany.bingham@harriscountytx.gov>, katiec@publicrightsproject.org <katiec@publicrightsproject.org>, sperryman@democracyforward.org <sperryman@democracyforward.org>, mblumin@afscme.org <mblumin@afscme.org>, Cassandra Crawford <cassandra@publicrightsproject.org>, GYeomans@afscme.org <GYeomans@afscme.org>
**Subject:** RE: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC -indirect grants

Dear Sai,

Thank you for your email.

I don't understand why Plaintiffs, as you say, "previously understood that [Defendants] were planning to issue new NOAs for the indirect grants for the purpose of extending the state performance period." Among other things, I explained in a July 8 email -- before Plaintiffs broached an extension -- that CDC will be issuing new NoAs. After Plaintiffs broached an extension, I wrote on July 10 that "CDC will incorporate the end-date extensions into the NoAs" – and I made clear this applies to both the direct and indirect grants.

CDC is in the process of issuing NoAs for all of the indirect awards, with one exception, the indirect award that relates to the $30,000 subaward to Kansas City from Missouri. CDC is still validating the amount/information with Missouri. I am hopeful that those NoAs will be issued today, but will update you on that.

Your email also seems to overlook the process by which CDC has been engaged with each respective state health agency, to validate, among other information, the dollar amounts which Plaintiffs identified as what they believed remained to be paid to Plaintiffs at the time of termination. As you explained in your June 30 email, Plaintiffs provided estimates of those amounts in their May 24 Court filing, and then provided Defendants "more exact figures" on June 30. Yet CDC's validation process identified substantial discrepancies with Plaintiffs' June 30 figure, to a magnitude of over $700,000 even just for one award. Please see the Updated Notice I sent you yesterday for Texas.

Thank you,
Steve

Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

---

**From:** Sai Mohan <sai@publicrightsproject.org>
**Sent:** Wednesday, July 23, 2025 5:38 PM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Edward Swidriski <Edward.Swidriski@harriscountytx.gov>; Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>; tiffany.bingham@harriscountytx.gov; katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org; Cassandra Crawford <cassandra@publicrightsproject.org>; GYeomans@afscme.org
**Subject:** [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC -indirect grants

Hi Steve,

We understand the issue you are identifying with the proposed extension of the ELC performance periods. However, your email raises a bigger concern that we would appreciate some clarification on. We had previously understood that you were planning to issue new NOAs for the indirect grants for the purpose of extending the state performance period, but it sounds like you need to issue new NOAs regardless of whether any extension is made.

Are funds not currently available to the states for the subawards at issue, and will those funds not be available until CDC issues new NOAs for those awards? If that is the case, then more than a month has passed since the PI was issued without CDC taking a necessary step to implement the PI, while a number of subaward deadlines have passed or will pass imminently.

If we are misunderstanding the process, or if it is helpful to confer by phone, we can be available.

Thanks,
Sai

--
Sharanya (Sai) Mohan (she/her)
Senior Staff Attorney
c. 713-501-1762
Public Rights Project

---

**From:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Date:** Wednesday, July 23, 2025 at 7:57 AM
**To:** Sai Mohan <sai@publicrightsproject.org>, Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>, Joel McElvain <jmcelvain@democracyforward.org>, Edward Swidriski <Edward.Swidriski@harriscountytx.gov>,

Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>, Sasha Kliger
<sasha@publicrightsproject.org>, Toby Merrill <toby@publicrightsproject.org>, Zack Demars
<zack@publicrightsproject.org>, tiffany.bingham@harriscountytx.gov
<tiffany.bingham@harriscountytx.gov>, katiec@publicrightsproject.org
<katiec@publicrightsproject.org>, sperryman@democracyforward.org
<sperryman@democracyforward.org>, mblumin@afscme.org <mblumin@afscme.org>, Cassandra
Crawford <cassandra@publicrightsproject.org>, GYeomans@afscme.org <GYeomans@afscme.org>
**Subject:** Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC -indirect grants
Dear Sai, Aisha, and all-

I'm responding to your request for an update on the indirect grants. Thank you for your patience while awaiting the update. The indirect grants are complicated, and I've been conferring extensively with CDC on these.

First, I expect shortly to be sending you Updated Notices to (i) the Texas Department of State Health Services, and (ii) the Ohio Department of Health, reflecting updates resulting from CDC's verification process with those states on the indirect grants. CDC intends to issue those Updated Notices, unless you have any questions or concerns about them.

Second, each of the four states received an "Epidemiology & Laboratory Capacity" (ELC) award, and unfortunately, that ELC award in particular is presenting complications and difficulties for CDC to effectuate a new end-date to the states, per the representations in my July 9 email. I understand that the impediment stems from the way in which CDC issued the ELC awards back during the pandemic: rather than issue a new award with Covid funding, CDC used a preexisting award, involving non-COVID funding, and added COVID-funding lines for expediency. As I understand it, in order to implement a new end-date on these four ELC awards, CDC basically would need to extend the end date for the entire award (including the non-COVID aspects that are irrelevant to this case) – which of course would be inappropriate/infeasible. In other words, for these four ELC awards, there appears to be no feasible way for CDC to extend the end date just of the relevant COVID- funding line(s) to the state.

Nevertheless, we believe that a new end date on these ELC awards would not provide any practical benefit to Plaintiffs anyhow. The ELCs to the states don't expire until July 31, 2027 -- for another two years. So the extra ~30 days (per my representations on July 9) shouldn't make a practical difference. Moreover, because the duration of the subaward is typically just 12 months, the performance period for any subaward to the plaintiff would be well short of the July 31, 2027 expiration date.

In that light, CDC plans to issue NoAs for the following four ELC awards, without an end-date extension.

1. Harris County - $966,567.71

2. Columbus - $3,000,000

3. Kansas City - $1,500,000

4. Nashville - $6,300,000

I understand that awards 1-3 above can be processed immediately, so please let me know by tomorrow (Thursday) morning if you have any concerns. (I believe funds are being recovered for #4, and I will update you on that one).

Finally, for the other four indirect awards (*i.e.,* apart from the above four ELCs), CDC either is still validating the information with the state agency, or funds are in the process of being recovered. For those other four

indirect grants, I expect the NoAs to be issued with new end-dates, per the representations in my July 9 email. I will update you again on those four indirects as soon as I have further information.

Thank you very much,
Steve


Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

---

**From:** Chasin, Steven M (CIV)
**Sent:** Monday, July 21, 2025 11:57 AM
**To:** Sai Mohan <sai@publicrightsproject.org>; Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Edward Swidriski <Edward.Swidriski@harriscountytx.gov>; Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>; tiffany.bingham@harriscountytx.gov; katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org; Cassandra Crawford <cassandra@publicrightsproject.org>
**Subject:** RE: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Hi Sai,
Likewise. I'm checking with the agency on that and will revert as soon as I can.
Best, Steve

Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

---

**From:** Sai Mohan <sai@publicrightsproject.org>
**Sent:** Monday, July 21, 2025 11:27 AM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Edward Swidriski <Edward.Swidriski@harriscountytx.gov>; Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>; tiffany.bingham@harriscountytx.gov; katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org; Cassandra Crawford <cassandra@publicrightsproject.org>
**Subject:** Re: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Hi Steve,

Hope you had a good weekend. Could you please provide an update on the reissuance of the NOAs for the indirect grants?

Thanks,
Sai

--

Sharanya (Sai) Mohan (she/her)

Senior Staff Attorney
c. 713-501-1762
Public Rights Project

---

**From:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Date:** Thursday, July 10, 2025 at 11:39 AM
**To:** Aisha Rich <aisha@publicrightsproject.org>, Sai Mohan <sai@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>, Joel McElvain
<jmcelvain@democracyforward.org>, Edward Swidriski <Edward.Swidriski@harriscountytx.gov>,
Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>, Sasha Kliger
<sasha@publicrightsproject.org>, Toby Merrill <toby@publicrightsproject.org>, Zack Demars
<zack@publicrightsproject.org>, tiffany.bingham@harriscountytx.gov
<tiffany.bingham@harriscountytx.gov>, katiec@publicrightsproject.org
<katiec@publicrightsproject.org>, sperryman@democracyforward.org
<sperryman@democracyforward.org>, mblumin@afscme.org <mblumin@afscme.org>
**Subject:** RE: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet &
Confer - follow-up

Dear Aisha,

Thank you very much. In response to your questions/requestions:

1. Yes, I will forward you the NoAs once CDC issues the direct grants (I've requested that the agency
   forward me the NoA, once issued). Per my email below, CDC will incorporate the end-date
   extensions into the NoAs. And on the directs, based on an update I just received, I believe that
   CDC will issue those today, and will confirm later today.

2. Yes, likewise for the indirect grants, I will forward you the NoAs when CDC issues them to the
   states, and those NoAs will incorporate the end-date extensions per my email below. I'm
   checking with the agency for the information on the indirects.

Thank you again,
Steve

Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

---

**From:** Aisha Rich <aisha@publicrightsproject.org>
**Sent:** Thursday, July 10, 2025 1:58 PM
**To:** Sai Mohan <sai@publicrightsproject.org>
**Cc:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Pooja Boisture <pboisture@democracyforward.org>; Joel
McElvain <jmcelvain@democracyforward.org>; Edward Swidriski <Edward.Swidriski@harriscountytx.gov>; Jonathan
Fombonne <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill
<toby@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>; tiffany.bingham@harriscountytx.gov;
katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org
**Subject:** Re: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Steve,

Thank you again for your prompt email response last night. Based on these representations, Plaintiffs are no longer planning on seeking relief from the Court at this juncture. Two follow up questions/requests:

(1) For the direct grants, could you please let us know when CDC issues the NOAs. I know the expectation is that they will issue today, we would just like confirmation from you once they issue.

(2) For the indirect grants, can you provide any information about whether those funds have been made available to CDC and an estimate of when CDC will issue the NOAs to the states? I'd also request confirmation from you once the NOAs issue, recognizing that they may issue to different states on different timelines.

Best,

Aisha

On Wed, Jul 9, 2025 at 4:01 PM Sai Mohan <sai@publicrightsproject.org> wrote:

> Thanks very much for the prompt response, Steve. We will review and get back to you with any further questions. I'll send a zoom invite for Friday at 2pm.
>
> --
> Sharanya (Sai) Mohan (she/her)
> Senior Staff Attorney
> c. 713-501-1762
> Public Rights Project

**From:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Date:** Wednesday, July 9, 2025 at 3:53 PM
**To:** Sai Mohan <sai@publicrightsproject.org>, Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>, Joel McElvain <jmcelvain@democracyforward.org>, Edward Swidriski <Edward.Swidriski@harriscountytx.gov>, Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>, Sasha Kliger <sasha@publicrightsproject.org>, Toby Merrill <toby@publicrightsproject.org>, Zack Demars <zack@publicrightsproject.org>, tiffany.bingham@harriscountytx.gov <tiffany.bingham@harriscountytx.gov>, katiec@publicrightsproject.org <katiec@publicrightsproject.org>, sperryman@democracyforward.org <sperryman@democracyforward.org>, mblumin@afscme.org <mblumin@afscme.org>
**Subject:** RE: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Dear Sai,

Thank you again for your email.

First, an update on the direct grants. The funds for the direct grants were made available to CDC today. We are hoping (and believe) that CDC will issue the Notice of Grant Award (NOAs) to plaintiffs tomorrow, Thursday, July 10 (subject to the parties' agreement on an extension of the end dates, whereby the NOA will reflect the direct award's new end date, incorporating such extension, as I explain below).

Regarding the direct awards, defendants agree to extension of the end date by the amount of time between the Court's issuance of its June 17 Order, and the date that CDC issues the NOA to the plaintiff local government. So, assuming CDC issues the NOAs for the direct awards tomorrow (July 10), the extension would be 23 days. Based on this, the new end dates for the direct awards would be as follows:

| Direct Award | Original End Date | Proposed New End Date |
|---|---|---|
| Award to Harris County Public Health, 6NH75OT000026-01 (Embrace HOPE Grant). | May 31, 2026 | June 23, 2026 |
| Award to Harris County Public Health, NU58DP006986-01-00 (Community Health Workers for Public Health Response and Resilient Communities Grant) | Aug. 30, 2025 | Sep. 22, 2025 |
| Tennessee COVID-19 Health Disparities Initiative, 6NU58DP006999-03-10 | Aug. 30, 2025 | Sept. 22, 2025 |
| Kansas City, MO, 6NH75OT000012-01-05 | May 31, 2025 | Aug. 2, 2025 (23 days from July 10) |

(If I've misstated any of the original end dates for the above direct grants, please correct me).

Regarding the indirect grants, we would agree that the same principle of extension would apply to the end dates on the awards between CDC and the state governments, although the extension time will be different, and the new end date would be incorporated into the NOA when CDC issues it to the respective state government. So if, for example, CDC issues an NOA to the Texas Department of State Health Services, with respect to award # 20NH23IP922616, on, hypothetically, July 18, then the extension period would be 31 days. I don't have the original end date for that award before me, but continuing with the hypothetical, the NOA to Texas for that award would add 31 days to the original end date (whatever that is). So, going with the same hypothetical, if the end date for that award was December 31, 2025 (to make it simple), the new end date, to be reflected in the NOA to be issued, would be January 31, 2026.

Also, for indirect awards, if CDC's award to the state already has expired, then the NOA would reflect a new end date, incorporating the extension period, based on the date of CDC's NOA to the state government. So going along with the same hypothetical for award # 20NH23IP922616, if, hypothetically, that award already had expired on, say, May 31, 2025, and CDC issues the NOA to Texas on July 18 (hypothetically), then the new end date to be incorporated into CDC's NOA to Texas will be August 18, 2025.

Finally, regarding the underlying funding of the awards by PPP or ARPA, I repeat and confirm Defendants' position on that, which I set forth in my email yesterday on that.

For the continuation of the meet & confer this Friday afternoon, Zoom should be fine – thank you for asking – and I appreciate your offer to circulate an invite.

Thank you, Steve

Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

**From:** Sai Mohan <sai@publicrightsproject.org>
**Sent:** Wednesday, July 9, 2025 1:58 PM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>; Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Edward Swidriski <Edward.Swidriski@harriscountytx.gov>; Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>; tiffany.bingham@harriscountytx.gov; katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org
**Subject:** Re: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Steve,

Thank you for your response, which helps shed light on some of our questions. However, we are still concerned that the government has not committed to a date certain for its reinstatement of the direct grants to the local government plaintiffs. By end of day today, can you please confirm that the direct grants were reinstated to these plaintiffs, or provide a date certain for that to happen?

Additionally, we disagree with your position regarding the government's notice to the states regarding the indirect grants. While the Court gave the government until July 1 to file a *status update*, Plaintiffs did not expect and do not believe it is consistent with the PI for the government to have waited until that date to provide that underlying notice. The government's delay in reinstating the direct grants and in notifying the states about indirect grants has caused continued harm, including on the jurisdictions' ability to spend the grant funds within the applicable grant performance periods. To avoid the need for plaintiffs to seek relief on this point, can you please confirm by the end of the day today that the government agrees (1) to modify the performance periods on all direct grants to account for the delay, and (2) to send notice to the states approving extensions of the performance periods for all indirect grants? Specifically, we would request that the government agree to extend the performance period by at least the time from the issuance of the PI order to the time that the grant gets reissued.

Thank you for letting us know that the direct grants were not funded by the PPP or ARPA. Can you please confirm in writing by the end of the day today that, besides the two indirect grants that you listed in your email below, there are no other grants that are funded by the PPP or ARPA?

We look forward to your further response on these three questions. Finally, we are available to meet and confer at 2 PM ET on Friday. If I sent a Zoom invite, would that work for you? If not, would you please be able to circulate a Teams invite?

Thanks,
Sai

--
Sharanya (Sai) Mohan (she/her)
Senior Staff Attorney
c. 713-501-1762
Public Rights Project

**From:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Date:** Tuesday, July 8, 2025 at 4:21 PM

**To:** Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>, Joel McElvain <jmcelvain@democracyforward.org>, Edward Swidriski <Edward.Swidriski@harriscountytx.gov>, Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>, Sasha Kliger <sasha@publicrightsproject.org>, Toby Merrill <toby@publicrightsproject.org>, Sai Mohan <sai@publicrightsproject.org>, Zack Demars <zack@publicrightsproject.org>, tiffany.bingham@harriscountytx.gov <tiffany.bingham@harriscountytx.gov>, katiec@publicrightsproject.org <katiec@publicrightsproject.org>, sperryman@democracyforward.org <sperryman@democracyforward.org>, mblumin@afscme.org <mblumin@afscme.org>
**Subject:** RE: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Dear Aisha,

With respect to the sending of notices to state entities acting as pass-throughs for indirect grants, the Court's June 17 Order required Defendants to send these notices by or before July 1. *See* Doc. 32 ("ORDERED that Defendants notify any state entities acting as pass-throughs for any indirect grants described in the previous paragraph of this Order and file a status report by July 1, 2025, confirming that it sent these notices.").

Defendants complied with the July 1 deadline. The Court Order sets no other deadline on that.

The parties' communications through that July 1 deadline reflected a shared understanding of that deadline. For example, during the June 25 meet & confer by zoom, you inquired about the status of the notices to the states (regarding pass-through grants), and I told you that I was in the midst of working with the agency on the notices, and that Defendants intended to send the notices by the Court's July 1 deadline. You did not object to that or express a different view of the deadline. Rather, you proposed that after those notices are sent, the parties would resume the meet & confer regarding the schedule for further proceedings.

Only *after* CDC sent the notices to the states on July 1, did Plaintiffs for the first time ever express that they had a different view of that deadline. You expressed that for the first time in your July 3 email below, after the July 1 deadline.

Regarding the four direct grants to the local government plaintiffs, the agency is working to reissue those direct grants as expeditiously as possible. I understand that the funds were in a de-obligated status and the agency was working through the mechanics involved to recover, re-obligate, and reissue, and that the agency will be issuing Notices of Grant Award (NoAs) (which I will forward to you once received). We've had extensive communication with HHS about this, and we are hoping that the funds will be available to CDC by tomorrow (Wednesday). Once they get the funds at CDC, they will initiate the process to re-open the awards and obligate the funds. We've directed CDC to do this as expeditiously as possible.

Regarding the underlying appropriations statutes, I've been conferring with CDC about this since you first raised the question during our June 25 meet & confer.

I confirm that the four direct-funded awards were not funded by the Paycheck Protection Program (PPP) or APRA.

As for the indirect grants, I understand that two of the grants to the states may have included PPP funds. These are:

    (1) the award to the Texas Department of State Health Services, 19NU50CK000501 (Epidemiology and Laboratory Capacity for Prevention and Control of Emerging Infectious Diseases), and

(2) the award which Plaintiffs identified per your June 26 email (following the meeting & confer) to the Ohio Department of Health, 19NU50CK000543 (Epidemiology and Laboratory Capacity for Prevention and Control of Emerging Infectious Diseases).

To the extent Plaintiffs want to confirm this, we recommend reaching out to the states, which issued the subawards at issue.

I hope this is helpful.

Steve


Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

---

**From:** Aisha Rich <aisha@publicrightsproject.org>
**Sent:** Monday, July 7, 2025 7:04 PM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Edward Swidriski <Edward.Swidriski@harriscountytx.gov>; Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Sai Mohan <sai@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>; tiffany.bingham@harriscountytx.gov; katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org
**Subject:** Re: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Steve,

We are very concerned by your response. First, for the direct awards, your response only addresses when the funds will be available to the CDC ("midweek"), but gives no assurance that those funds will then be immediately made available to the grantees. It has been three weeks since the PI was granted on June 17th. The government's delay here is compounding the irreparable harm to the plaintiffs. Please provide a date certain of when the funds will be re-obligated by the CDC and an explanation for the delay in compliance until that date.

Second, you have not yet responded to my questions as to the delay on the indirect grants and your clients' position on the appropriations. Given the lack of communication about and compliance with the PI, we are currently actively evaluating our options for relief from the court. We ask that you provide this information as soon as possible and no later than close of business tomorrow (July 8th).

With regard to the meet and confer, I am conferring with co-counsel about availability and hope to get you some new proposed times tomorrow.

Best,

Aisha

On Mon, Jul 7, 2025 at 11:05 AM Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov> wrote:

  Dear Aisha,

With respect to the direct awards, CDC believes that the de-obligated funds for those four awards should be available by mid-week for CDC to re-open and re-obligate the terminated funds.

Regarding the continuation of the meet & confer, Thursday, July 10 or Friday, July 11 would be better for me. Would either of those work for you? (For Thursday, I would propose late afternoon, around 4:30 pm Eastern, if that works on your end; I also should be available most of the day on Friday).

I'll respond to your other points separately.

Best wishes, Steve

Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

---

**From:** Aisha Rich <aisha@publicrightsproject.org>
**Sent:** Thursday, July 3, 2025 12:56 AM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Edward Swidriski <Edward.Swidriski@harriscountytx.gov>; Jonathan Fombonne <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Sai Mohan <sai@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>; tiffany.bingham@harriscountytx.gov; katiec@publicrightsproject.org; sperryman@democracyforward.org; mblumin@afscme.org
**Subject:** Re: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Dear Steve,

We are writing to follow up on Defendants' compliance with the preliminary injunction and to schedule a follow up meet and confer.

We have reviewed Defendants' status report, Dkt. 35, which indicates that Defendants did not issue notices to the passthrough entities until July 1, 2025, 14 days after the Court's issuance of the preliminary injunction. We are concerned with the unexplained lapse in time to comply with the Court's order, particularly given the nature of the irreparable harm found by Judge Cooper. Can you please explain the two-week delay as to the passthrough grants?

We are further concerned about Defendants' compliance with the preliminary injunction as it relates to the direct grants: the status report is silent as to the status of these grants and, as far as we are aware, our clients have yet to receive notice or renewed access to these grants. We ask that you update us as to Defendants' plans to reinstate access to the direct grants as soon as possible and no later than Monday, July 8.

Further, as expressed at our meet and confer on June 25, 2025, in order to propose a schedule to the Court, we need to know Defendants' position as to which of the local government Plaintiffs' grants were funded by which appropriation (CARES Act, CRRSAA, CPRSAA, PPP, ARPA). We ask that you also provide this information as soon as possible and no later than Monday, July 8.

Finally, we think it makes sense to set up a follow up meet and confer next Wednesday, after we've had

a chance to review the information requested here. We are currently available on Wednesday between 2 and 3 ET. Would 2 ET work for you?

Best,

Aisha

On Mon, Jun 30, 2025 at 2:11 PM Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov> wrote:

> Hi Aisha,
> Thank you, and yes, we'll replace the block quote in paragraph 4 with the language you provided below.
> Best, Steve

> On Jun 30, 2025, at 3:50 PM, Aisha Rich <aisha@publicrightsproject.org> wrote:

> Hi Steve,

> Hopefully you have already seen it, but Sai just sent over the information you requested on Friday in the email chain where you made the request.

> Thank you for sharing the language from your motion. Could you please modify as follows:

> Plaintiffs consent to staying Defendants' deadline to respond to the complaint and to instead wrap it into the upcoming deadline to file a Joint Status Report but Plaintiffs do not consent at this time to moving the connected deadline to file a certified list of the contents of the administrative record with the Court and to produce the administrative record to Plaintiffs (which would be 30 days from the current deadline for service of the answer or filing of a motion to dismiss, August 7, 2025). *See* LCvR 7(n)(1). Plaintiffs hope to continue to discuss the deadline to file the certified list and produce the administrative record as part of the ongoing meet and confer.

> Best,

> Aisha

> On Mon, Jun 30, 2025 at 12:24 PM Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov> wrote:

>> Dear Aisha,

>> I hope you had a nice weekend. This is how we are representing Plaintiffs' position in our motion. We state in the beginning of the motion, "Defendants have conferred with Plaintiffs, who consent to the request, as explained in paragraph 4 below." Below, I've quoted paragraph 4 in full. If you have any issue with this, please let me know.

4. As noted above, pursuant to Local Civil Rule 7(m), Defendants' counsel has

conferred with Plaintiffs' counsel regarding this motion, who stated as follows:

> We consent to staying the deadline to respond to our complaint and
> wrapping it into the upcoming JSR but we do not consent at this time
> to moving the connected deadline to file a certified list with the court
> and produce the administrative record (which would be 30 days from
> the current deadline for service of the answer or filing of an MTD,
> August 7, 2025). *See* LCvR 7(n)(1). We hope to continue to discuss
> the deadline to file the administrative record as part of the meet and
> confer.

While Defendants disagree with Plaintiffs' stated view on this local rule which

addresses the agency's filing of a list of the contents of the administrative record, it is

unnecessary for the Court to address that rule now, as the parties are continuing to

discuss the administrative record as part of the meet and confer process.

Separately, in light of tomorrow's deadline re notification to state entities, I wanted to
follow-up regarding the request Defendants emailed Plaintiffs on Friday, regarding the
indirect terminated awards at issue. Would you please let me know about that at your earliest
convenience?

Thank you very much, and best wishes,
Steve

---

**From:** Aisha Rich <aisha@publicrightsproject.org>
**Sent:** Friday, June 27, 2025 12:44 PM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain
<jmcelvain@democracyforward.org>; Swidriski, Edward (CAO)
<Edward.Swidriski@harriscountytx.gov>; Fombonne, Jonathan (CAO)
<Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby
Merrill <toby@publicrightsproject.org>; Sai Mohan <sai@publicrightsproject.org>; Zack Demars
<zack@publicrightsproject.org>
**Subject:** Re: [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet
& Confer - follow-up

Steven,

Since it sounds like you may ultimately seek to produce the administrative record after
the current August 7th deadline, we ask that you represent our position as to the

deadline in your motion to stay -- can you please share the draft motion with us before you file so we can make sure we agree with how our position is represented?

Thanks,

Aisha

On Fri, Jun 27, 2025 at 9:02 AM Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov> wrote:

> Hi Aisha,
> Thank you very much. We appreciate the information on the Columbus grant – I've passed that along to the agency.
>
> And than you for consenting to staying Defendants' deadline to respond to the complaint. We don't intend to address the administrative record in our motion to stay. I note that Defendants' position is that the local rule connects the deadline for filing a certified list of the contents of the administrative record with other deadlines, but, again, in our motion to stay the response deadline, we don't intend to address that, and as you suggest, we can instead discuss this further as part of the meet & confer going forward.
>
> Thanks very much again, and best wishes,
> Steve
>
> Steven Chasin
> U.S. Department of Justice, Civil Division
> Federal Programs Branch
> (202) 305-0747

---

**From:** Aisha Rich <aisha@publicrightsproject.org>
**Sent:** Thursday, June 26, 2025 6:04 PM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Swidriski, Edward (CAO) <Edward.Swidriski@harriscountytx.gov>; Fombonne, Jonathan <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Sai Mohan <sai@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>
**Subject:** [EXTERNAL] Re: Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer - follow-up

Hi Steve,

1. We believe the federal award number for Columbus's Enhanced Operations grant is NU50CK000543. The state project number is 02520012EO0323. The initial grant announcement issued in 2023 by the Ohio Department of Health references the Paycheck Protection Program. I'm not sure that means that was the only source of funds -- the grant was renewed and supplemented several times. *See* Johnson Decl. ¶ 9. Our position is that HHS will be best positioned to know the source of the appropriation for each of these grants.

2. We consent to staying the deadline to respond to our complaint and wrapping it into the upcoming JSR but we do not consent at this time to moving the connected deadline to file a certified list with the court and produce the administrative record (which would be 30 days from the current deadline for service of the answer or filing of an MTD, August 7, 2025). *See* LCvR 7(n)(1). We hope to continue to discuss the deadline to file the administrative record as part of the meet and confer.

Best,

Aisha

On Thu, Jun 26, 2025 at 9:42 AM Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov> wrote:

> Dear Aisha and all,
>
> It was nice speaking with you yesterday – thank you for setting up the meeting.
>
> I'm just following up on two specific items we discussed:
>
> 1. Would you please provide us the Federal Award Number for the City of Columbus "Enhanced Operations" grant, which I believe you identified as an indirect grant funded by the PPP (Paycheck Protection Program and Healthcare Enhancement Act)? (if I've misunderstood anything you said, please let me know).
>
> 2. When you can, would you please confirm that Plaintiffs consent to Defendants' motion to stay their July 8 deadline to respond to the complaint, whereby the parties' upcoming JSR (due July 15) would address that deadline in their proposed schedule(s) for further proceedings in the case? (I understood from our call that you just wanted to confirm with fellow counsel).
>
> Thank you very much again, and best wishes,
> Steve
>
> Steven Chasin
> U.S. Department of Justice, Civil Division
> Federal Programs Branch
> (202) 305-0747
>
> ---
>
> **From:** Chasin, Steven M (CIV)
> **Sent:** Tuesday, June 24, 2025 10:11 PM
> **To:** Aisha Rich <aisha@publicrightsproject.org>
> **Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Swidriski, Edward (CAO) <Edward.Swidriski@harriscountytx.gov>; Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Sai Mohan <sai@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>

**Subject:** RE: [EXTERNAL] Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer

Hi Aisha,
Great – thank you very much. I look forward to speaking tomorrow.
Have a good night, Steve

Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

---

**From:** Aisha Rich <aisha@publicrightsproject.org>
**Sent:** Tuesday, June 24, 2025 4:33 PM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Swidriski, Edward (CAO) <Edward.Swidriski@harriscountytx.gov>; Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Sai Mohan <sai@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>
**Subject:** Re: [EXTERNAL] Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer

Hi Steve,

Thanks for getting back to us. I believe tomorrow at 1:30 ET will work for our team -- I'll circulate a Zoom invite shortly.

Best,

Aisha

On Tue, Jun 24, 2025 at 10:57 AM Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov> wrote:

> Hi Aisha,
> Circling back to this, shall we try one of the following times you proposed?
>
> Wed, June 25: 1:30 ET, 4-5 ET
> Thursday, June 26: 3-5 ET
>
> I think my slight preference would be Wed 1:30 ET, but I think any of these should work.
> Thanks very much again, Steve
>
> Steven Chasin
> U.S. Department of Justice, Civil Division
> Federal Programs Branch
> (202) 305-0747

**From:** Chasin, Steven M (CIV)
**Sent:** Monday, June 23, 2025 2:55 PM
**To:** Aisha Rich <aisha@publicrightsproject.org>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Swidriski, Edward (CAO) <Edward.Swidriski@harriscountytx.gov>; Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Sai Mohan <sai@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>
**Subject:** RE: [EXTERNAL] Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer

Dear Aisha,
Thank you very much for writing me. I'm sorry for my delay responding – I was heads-down on Friday with a large filing.

Re the upcoming JSR/meet & confer, I'm conferring internally on this, and should circle back soon.

Thanks very much again, and I look forward to talking soon.
Best, Steve


Steven Chasin
U.S. Department of Justice, Civil Division
Federal Programs Branch
(202) 305-0747

**From:** Aisha Rich <aisha@publicrightsproject.org>
**Sent:** Friday, June 20, 2025 2:15 PM
**To:** Chasin, Steven M (CIV) <Steven.M.Chasin2@usdoj.gov>
**Cc:** Pooja Boisture <pboisture@democracyforward.org>; Joel McElvain <jmcelvain@democracyforward.org>; Swidriski, Edward (CAO) <Edward.Swidriski@harriscountytx.gov>; Fombonne, Jonathan (CAO) <Jonathan.Fombonne@harriscountytx.gov>; Sasha Kliger <sasha@publicrightsproject.org>; Toby Merrill <toby@publicrightsproject.org>; Sai Mohan <sai@publicrightsproject.org>; Zack Demars <zack@publicrightsproject.org>
**Subject:** [EXTERNAL] Harris County v. Robert F. Kennedy, Jr., No. 1:25-cv-01275-CRC - Meet & Confer

Dear Steven,

I am writing for Plaintiffs' counsel in the above-captioned case. We are reaching out pursuant to Judge Cooper's PI order which requires us to meet and confer on the schedule for further proceedings in the case. Would you be available to meet and confer over Zoom next week? Plaintiffs' counsel is currently free at the following times:

Tuesday, June 24: 2:30 ET, 4:30 ET
Wednesday, June 25: 1:30 ET, 4-5 ET

Thursday, June 26: 12 ET, 3-5 ET

Best,

Aisha
--
Aisha Rich (she/her/hers)
Assistant Litigation Director
Public Rights Project