IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRIS COUNTY, TEXAS**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**ROBERT F. KENNEDY, JR.**, in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-01275-CRC |

**JOINT REPORT ON THE PARTIES' RESPECTIVE POSITIONS REGARDING STAYING THE DISPOSITIVE MOTION BRIEFING**

Plaintiffs and Defendants respectfully submit this joint report in response to the Court's January 12, 2026 Minute Order directing the parties to provide their respective positions on staying the dispositive motion briefing in this case in light of the *en banc* proceedings in *Climate United Fund v. Citibank,* D.C. Cir. No. 25-5122, as well as other grant-termination cases currently pending before the D.C. Circuit (as further identified in the Minute Order).

Plaintiffs' Position

Plaintiffs recognize the benefit to the parties and the Court of having more settled law from the *en banc* decision in *Climate United Fund*, as well as other grant termination cases identified by the Court.[1] However, Plaintiffs are unable to agree to a stay of a resolution of the parties' dispositive motions, for multiple reasons. As to AFSCME, the pending cases the Court

---

[1] In its January 12 minute order, the Court identified *Widakuswara v. Lake*, No. 25-5144 (D.C. Cir.), as one grant termination case that may impact the proceedings in this case. Plaintiffs respectfully note that the grant termination issues in that appeal became moot, and the D.C. Circuit panel declined to hear oral argument on those issues. *See* Per Curiam Order, *Widakuswara*, No. 25-5144 (D.C. Cir. Sept. 19, 2025). Accordingly, the D.C. Circuit's resolution of that appeal is unlikely to affect the grant termination issues in the present case.

identified do not squarely present the question whether non-grantee third parties directly injured by federal government spending cuts, like Plaintiff AFSCME, may bring their APA claims in the district court. *See* Pls. MSJ Br., Dkt. No. 46-1 at 17 (noting AFSCME cannot establish jurisdiction in the Court of Federal Claims because it has no contracts with the federal government); *see also Am. Ass'n of Univ. Professors v. Trump*, No. 25-CV-07864-RFL, 2025 WL 3187762, at *21 (N.D. Cal. Nov. 14, 2025) ("The Tucker Act is inapplicable for the additional reason that Plaintiffs [including AFSCME Local 3299] cannot bring a breach of contract claim as non-parties to the grant agreements at issue."). Given that this issue is not encompassed by the cases before the D.C. Circuit, AFSCME requests that the Court resolve this relatively novel issue expeditiously. The Court's preliminary injunction order did not extend relief to all affected AFSCME members, despite the Court's acknowledgement that those members are experiencing irreparable harm. *See* AFSCME's Mem. of Law in Support of Mot. for Partial Reconsideration, Dkt. No. 38-1 at 10-11; *see also* PI Mem. Op., Dkt. No. 33 at 37-38. And, as the Court has previously recognized, ruling for AFSCME on its APA claims challenging "the blanket grant rescissions" could lead the Court to "vacate those rescissions as to all grant recipients" and not just the Local Government Plaintiffs, thereby making Plaintiff AFSCME whole. PI Mem. Op., Dkt. No. 33 at 42.

Second, neither AFSCME nor the Local Government Plaintiffs can agree to a stay of dispositive motions because they are seeking relief at judgment that the Court did not provide at the preliminary injunction stage, including their pending request to extend their grant deadlines as part of the final relief. *See* Plaintiffs' Proposed Order, Dkt. No. 46-11. As time passes, performance periods for Plaintiffs' grants have expired and continue to expire. This includes both grants covered by the preliminary injunction where Plaintiffs were not able to expend the funds

2

in the time remaining on existing performance periods, as well as grants that are not covered by the preliminary injunction, including grants affecting AFSCME members. Moreover, Defendants are using this time pressure to argue that Plaintiffs' claims regarding the expired grants are moot. *See, e.g.*, Defs. Comb. Br., Dkt. No. 56-1 at 32-33. Plaintiffs are also seeking vacatur of the Mass Termination Decision, which would extend beyond the particular grants addressed in the preliminary injunction. Without additional relief, Plaintiffs continue to experience harms associated with the terminations of grants that were not the subject of the preliminary injunction, and have faced continued challenges accessing even the grant funds that were reinstated pursuant to this Court's preliminary injunction. *See* Pls. MSJ Br., Dkt. No. 46-1 at 8-9.

Finally, because of the number of grant termination cases currently pending before courts in this circuit, including ones that may ultimately be reviewed by the Supreme Court, it is likely that the emergent law relevant to this case may continue to develop and be unsettled for many months, if not years, leading to further delay for ultimate relief if a stay is issued. Indeed, the fact that the grant issue in *Widakuswara* (in which AFSCME is also a plaintiff) became moot shortly before oral argument underscores that the case law in this area may take months or years to fully develop.

For those reasons, Plaintiffs are not able to consent to a stay of the dispositive motions.

Defendants' Position

This Court should exercise its "broad discretion" to stay the dispositive motion briefing, pending the D.C. Circuit's *en banc* resolution of *Climate United*. *See Carlin v. CDC & Prevention*, 2022 U.S. Dist. LEXIS 164429, *3 (D.D.C. Aug. 4, 2022) (Cooper, J.).[2]  It is

---

[2] "The District Court has a broad discretion in granting or denying stays so as to coordinate the business of the court efficiently and sensibly. In determining whether to grant a stay, the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices

undisputed that *Climate United* would provide binding authority on dispositive questions of law, where this Court repeatedly referred to the "considerable legal uncertainty" surrounding the Tucker Act in the grant termination context, and observed that the Supreme Court's recent decision in *Department of Education v. California*, 604 U.S. 650 (2025) "left many questions unanswered." *See Harris Cnty. v. Kennedy*, 786 F. Supp. 3d 194, 216-217, 223 (D.D.C. 2025). As Defendants have pointed out, *Climate United* similarly involves Administrative Procedure Act, separation-of-powers, and *ultra vires* claims challenging grant terminations, and the (vacated) D.C. Circuit panel decision applied *Department of Education*, as well as the Supreme Court's recent decision in *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658 (2025). *See* 154 F.4th 809, 819-829 (D.C. Cir. 2025). A stay, allowing the D.C. Circuit to address the Tucker Act issues *en banc*, undoubtably would promote judicial economy here. And as explained below, no countervailing injustice would result. *See Carlin*, 2022 U.S. Dist. LEXIS 164429 at *3.[3]

First, the expiration of grant performance periods should have no bearing on the stay decision. As Defendants demonstrated in their latest brief, the direct and indirect grants to the Local Government Plaintiffs *already* expired, with two exceptions: (i) the four indirect "ELC" (Epidemiology and Laboratory Capacity for Infectious Disease) grants, which do not expire until

---

claimed on either side." *See id.* (quotations omitted)*; see also, Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 172 (D.D.C. 2011) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it pending resolution of independent proceedings which bear upon the case.") (quotation omitted).

[3] Defendants also think a stay is warranted pending resolution of *Vera Institute of Justice v. U.S. DOJ*, No. 25-5248 (identified in the Court's Minute Order), which raises similar issues to *Climate United*. Defendants agree with Plaintiffs that the Court need not await resolution of *Widakuswara*, because the D.C. Circuit has declined to hear oral argument on the grant termination issues. *See supra*, n.1.

July 31, 2027, and (ii) the "Embrace Hope" direct grant to Harris County, which expires on June 23, 2026.  See Defs. Comb. Br. (Doc. 56-1), at pp. 8-9 (Table), and Mohan Decl., Ex. B, Doc. 46-10, p. 10 of 240.  Plaintiffs never sought any relief in their complaint or preliminary injunction motion with respect to the performance periods, and Plaintiffs provide no valid basis for seeking this relief now.  See Defs. Comb. Br., pp. 9-10, 45.

Second, a stay would not result in any unfairness to AFSCME specifically.  If anything, given the potential impact, AFSCME's request for a nationwide injunction—covering all "states and localities who employ AFSCME-represented public health workers," Pls. MSJ Br. (Doc. 46) at 2—cuts in *favor* of a stay.  In any event, Defendants already addressed AFSCME's privity arguments.  See Defs. Comb. Br. at 24-25.  Defendants also showed that AFSCME lacks standing in the first place, because of redressability defects.  See id. at 30-32; see also, Defendants' Opposition to AFSCME's Motion for Partial Reconsideration (No. 43), pp. 1-9.  And regardless, Defendants explained that relief should not extend to AFSCME because the Court should continue to respect the decision of the relevant jurisdictions, which have not joined this lawsuit, as this Court observed.  See id. at 44; *Harris Cnty.*, 786 F. Supp. 3d at 223 ("[Neither Alaska nor Jackson County, Ohio] sued to recoup these funds, a decision their elected official were entitled to make for themselves and their constituents. The Court will not override that decision lightly….").

DATED: January 16, 2026                    Respectfully submitted,

                                                */s/ Sharanya Mohan*
SHARANYA MOHAN*
CASSANDRA CRAWFORD*
KATHERINE COURTNEY
PATRICK ARCHER*
Public Rights Project
490 43rd Street, Unit #115
Oakland, California 94609

(510) 214-6960 (phone)
sai@publicrightsproject.org
cassandra@publicrightsproject.org
katiec@publicrightsproject.org
patrick@publicrightsproject.org

*Counsel for Columbus, Ohio, Nashville, Tennessee, and Kansas City, Missouri*

CHRISTIAN D. MENEFEE
Harris County Attorney

JONATHAN G.C. FOMBONNE
Deputy County Attorney and First Assistant
Texas State Bar No. 24102702
D.D.C. Bar ID: TX0090
jonathan.fombonne@harriscountytx.gov

EDWARD D. SWIDRISKI III*
Senior Assistant County Attorney
Texas State Bar No. 24083929
Edward.Swidriski@harriscountytx.gov
Office of The Harris County Attorney
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5101
Facsimile: (713) 755-8924

*Counsel for Harris County, Texas*

JOEL McELVAIN
POOJA BOISTURE*
SKYE L. PERRYMAN
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
jmcelvain@democracyforward.org
pboisture@democracyforward.org
sperryman@democracyforward.org

*Counsel for Columbus, Ohio, Nashville, Tennessee, Kansas City, Missouri, and AFSCME*

*Admitted *pro hac vice*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ Steven M. Chasin*
STEVEN M. CHASIN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0747
Steven.M.Chasin2@usdoj.gov

*Counsel for Defendants*