UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HARRIS COUNTY, TEXAS**, *et al.*,<br><br>       Plaintiffs,<br><br>       v.<br><br>**ROBERT F. KENNEDY, JR.**, in his official capacity as Secretary of Health and Human Services, *et al.*,<br><br>       Defendants. | Case No. 25-cv-1275 (CRC) |

### ORDER

In light of the parties' [60] Joint Status Report, it is hereby **ORDERED** that the dispositive motion briefing in this case shall be STAYED until the D.C. Circuit issues an opinion in Climate United Fund v. Citibank, D.C. Cir. No. 25-5122, or such earlier time as the Court deems appropriate. Relatedly, the Court will hereby STRIKE the Plaintiffs' pending [46] Motion for Summary Judgment and the Defendants' pending [56] Motion to Dismiss and [57] Motion for Summary Judgment. The parties may renew their dispositive motions once the Climate United Fund opinion is issued or earlier, if so directed by the Court.

The Court appreciates the parties' interest in having the legality of the government's mass grant termination decision adjudicated as soon as possible. However, Climate United Fund appears to bear directly on the Tucker Act jurisdiction issues presented in this case, as well as the underlying constitutional and statutory claims arising from the government's termination decision. It is therefore in the interest of judicial economy to stay the case temporarily.

The Plaintiffs point out that Climate United Fund does not squarely present the issue whether a non-grantee third party, like AFSCME, who is injured by a federal government's grant termination may bring a claim in district court as opposed to the Court of Federal Claims, as it

may not be bound by the same Tucker Act channeling as a grantee. But if Judge Pillard's dissent in Climate United Fund is any indication, the D.C. Circuit, sitting *en banc*, may very well reach the merits of the APA claims in that case. It thus seems prudent to consider AFSCME's claims fulsomely once the D.C. Circuit has had an opportunity to pass on whether a similar APA claim in the grant termination context is viable.

As for the grant funding access issues that the plaintiffs identify in the Joint Status Report and their initial summary judgment brief, the Court notes that its [32] Preliminary Injunction Order ("PI Order") "preliminarily enjoined" the defendants from "enforcing or otherwise giving effect to the March 2025 terminations of any grants issued directly or indirectly" to the local government plaintiffs in this case, under the three COVID-related statutes whose appropriations had expired. In so ruling, the Court expressly contemplated a return to the *status quo ante* until the case is finally resolved, at least with respect to the grants issued pursuant to those three statutes. Notwithstanding the Court's decision to strike the pending dispositive motions and stay further briefing, plaintiffs are free to move to amend the PI Order or seek other interim relief as necessary to ensure that they are not worse off, nor the government better off, than before the March 2025 termination decision.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   January 23, 2026