**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HARRIS COUNTY, TEXAS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT F. KENNEDY, JR., in his official capacity as Secretary of United States Department of Health and Human Services, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-1275-CRC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF A BRIEFING SCHEDULE**

Judicial economy warrants the Court's continued temporary stay of dispositive motion briefing, pending the D.C. Circuit's forthcoming decision in *Vera Institute of Justice v. U.S. Department of Justice*, No. 25-5248 (D.C. Cir. appeal docketed July 10, 2025), which will likely address the Tucker Act jurisdictional issues that permeate this grant termination case. *See* Jan. 23, 2026 Order (Doc. 62) (the "Stay Order"). Although the D.C. Circuit recently issued its *en banc* decision in C*limate United Fund v. Citibank, N.A.,* 2026 U.S. App. LEXIS 23181, __ F.4th __ (D.C. Cir. Aug. 4, 2026), the Circuit did not issue an accompanying opinion explaining its reasoning. And the one page decision does not reference the Tucker Act, the Administrative Procedure Act ("APA"), or either of the Supreme Court's two recent decisions, *Department of Education v. California*, 604 U.S. 650 (2025) (per curiam) ("*Department of Education*") and *National Institutes of Health v. American Public Health Association,* 145 S. Ct. 2658 (2025) ("*NIH*"), staying district court orders that prevented the government from terminating grant agreements and effectively required the government to pay grant funds, on the ground that the

district courts lacked jurisdiction to award that relief. Simply put, *Climate United Fund* does not dispel the "considerable legal uncertainty" surrounding the Tucker Act issues in this case that prompted this Court to stay dispositive motions briefing. *See Harris Cnty. v. Kennedy*, 786 F. Supp. 3d 194, 223 (D.D.C. 2025). But future developments in that case and *Vera Institute* are likely to do so. In this light, Plaintiffs' Motion for Entry of a Briefing Schedule (Doc. 65) (the Motion) is premature and should be denied.

1. Plaintiffs are four local governments that received COVID-era grant awards (indirectly or directly) from the federal government, and a nationwide labor union. They assert three APA claims, as well as constitutional and *ultra vires* claims, in their challenge to the government's March 2025 grant terminations. At the preliminary injunction stage, this Court, applying *Department of Education*, concluded that the Tucker Act likely foreclosed Plaintiffs' arbitrary and capricious claim, and potentially foreclosed Plaintiffs' other APA claims. *See Harris Cnty.*, 786 F. Supp. at 217-218.

2. As this Court recently summed it up, "the Supreme Court's emergency docket rulings in [*Department of Education*] and *NIH* created a good deal of confusion . . . about the circumstances under which an APA challenge to a grant termination must be channeled to the [Court of Federal Claims] pursuant to the Tucker Act." *Hennepin Cnty. v. United States HHS*, 2026 U.S. Dist. LEXIS 186561, *42 (D.D.C. Aug. 19, 2026) (Cooper, J.) (explaining that recently "[t]he high Court reaffirmed [its] view [on the Tucker Act] in *NIH*").

3. In an attempt to dispel this confusion, this Court stayed dispositive motions briefing in this case pending the *en banc* decision in *Climate United Fund*. *See* Stay Order. *Climate United Fund* involved the Environmental Protection Agency's termination of billions of dollars in grants, and the district court preliminary enjoined that termination. *See Climate United Fund*

*v. Citibank, N.A.*, 775 F. Supp. 3d 335 (D.D.C. 2025). While the *en banc* D.C. Circuit ultimately issued its *per curiam* order affirming that preliminary injunction, the court was divided in other respects, and as noted above, it did not issue an explanatory opinion. *See* 2026 U.S. App. LEXIS 23181. The government plans to file a petition for writ of certiorari in *Climate United Fund*, and has stated that it will file that petition no later than November 2, 2026, and will not seek an extension of time to file a certiorari petition. (See Case No. 25-5122, Government's Unopposed Motion to Stay, Doc.# 2187046, at p.1).

4. Meanwhile, the D.C. Circuit is currently considering *Vera Institute*, which this Court earlier had specifically identified as another "relevant grant-termination case[] currently pending before the Circuit." *See* January 12, 2026 Minute Order (directing the parties to provide their positions on staying dispositive motions briefing pending the D.C. Circuit's decision in *Climate United Fund, Vera Institute, et al.*)

5. In *Vera Institute*, plaintiffs challenge the Department of Justice's Office of Justice Programs' "en masse terminations" of grants and cooperative agreements, totaling over $820 million. *See Vera Inst. of Just. v. United States DOJ*, 805 F. Supp. 3d 12, 18, 22 (D.D.C. 2025). Like Plaintiffs here, the *Vera Institute* plaintiffs assert (i) three APA claims (that the terminations are arbitrary and capricious, contrary to law, and contrary to constitutional right), (ii) separation of powers and Spending Clause claims, and (iii) an *ultra vires* claim (among other claims). *See id*. at 22. Ultimately, the district court dismissed all of these claims. *Id*. at 37. Specifically, the district court held that the arbitrary and capricious claims "are essentially contractual in nature and belong in the Court of Federal Claims," *see id.* at 26, citing this Court's preliminary injunction decision: "Against this unsettled terrain, this court agrees with *Harris County's* approach and finds that it lacks jurisdiction over Plaintiffs' arbitrary-

and-capricious claim under [*Department of Education*]. As in *Harris County*, the arbitrary-and-capricious claim here 'appears in all material respects identical' to that of [*Department of Education*] . . . ." *Id*. at 28. The district court also held that the APA contrary-to-law claim is contractual. *Id*. at 33. The district court rejected the government's contention that the plaintiffs' constitutional and *ultra vires* claims sound in contract for purposes of the Tucker Act, but rejected those claims on the merits, and dismissed the action. *Id*. at 24-25, 36. Judicial economy therefore warrants the Court continuing its temporary stay of dispositive motions briefing pending the D.C. Circuit's decision in *Vera Institute*, because that case "appears to bear directly on the Tucker Act jurisdiction issues presented in this case"—as well as potentially on the separation of powers, Spending Clause, and *ultra vires* claims as well. *See* Stay Order at 1.

6. Indeed, this Court previously explained that it is "not too eager to decide an issue that the Court of Appeals may be on the verge of deciding in a way that is binding on me." *See* Tr. May 1, 2024 Scheduling Conf. at p. 5 of 13, lines 1-3 (at ECF 55-3). *Vera Institute* is precisely that situation. Just the other week, this Court observed that "the D.C. Circuit may (and hopefully will) opine soon" in *Vera Institute. See Hennepin Cnty.,* 2026 U.S. Dist. LEXIS 186561, at *47. The D.C. Circuit held oral argument in *Vera Institute* on October 14, 2025.

7. Plaintiffs' handful of brief objections to continuing the stay are unavailing. *See* Motion ¶ 10. First, Plaintiffs argue that the panel decision in *Vera Institute* will not represent the views of the *en banc* D.C. Circuit. *Id*. But as this Court previously noted, what matters is whether *Vera Institute* is "binding" here. Plaintiffs fail to suggest any reasons why it would not be. Second, Plaintiffs argue that *Vera Institute* will not address non-grantee claims under the

Tucker Act. *Id*. But, even if that is so, it is no different than *Climate United Fund*, which prompted the Court to stay dispositive motions briefing here. *See* Stay Order 1-2 (observing Plaintiffs' position "that *Climate United Fund* does not squarely present the issue whether a non-grantee third party, like AFSCME, who is injured by a federal government's grant termination may bring a claim in district court as opposed to the Court of Federal Claims . . . ."). Third, Defendants are not asking the Court "to indefinitely stay this case." *See* Motion ¶ 10. This Court itself seems to recognize that the D.C. Circuit appears to be on the verge of deciding *Vera Institute*, as explained above. Finally, *Vera Institute* does not merely "touch[] on similar issues"—it "appears to bear directly on the Tucker Act jurisdiction issues presented in this case" (not to mention the constitutional and *ultra vires* claims as well). *See* Stay Order at 1.

8. If this Court declines to continue the stay, Defendants respectfully submit that Plaintiffs' proposed briefing schedule—running just over 30 calendar days, from start to finish—is unduly compressed. Defendants propose the following briefing schedule instead:

| **Document** | **Plaintiffs' Proposed Deadline (2026) (*See* Motion ¶ 11)** | **Defendants' Proposed Deadline (2026)** |
|---|---|---|
| Plaintiffs' Motion for Summary Judgment | Fri., Oct. 2 | Fri., Oct. 2 |
| Defendants' Combined Motion for Summary Judgment, Motion to Dismiss, and Opposition to Plaintiffs' Motion for Summary Judgment | Fri., Oct. 23 | Fri., Oct. 30 |
| Plaintiffs' Reply in Support of their Motion for Summary Judgment and Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment | Fri., Oct. 30 | Fri., Nov. 13 |
| Defendants' Reply in Support of their Motion to Dismiss and Motion for Summary Judgment | Fri., Nov. 6 | Fri., Dec. 4[1] |

[1] Due to the intervening Thanksgiving holiday, and associated leave schedules, Defendants request an extra week for their combined Reply brief.

WHEREFORE, Defendants respectfully request that the Court deny the Motion for Entry of a Briefing Schedule (Doc. 65) as premature, and continue to stay dispositive motions briefing in this case at least until the D.C. Circuit issues its forthcoming decision in *Vera Institute of Justice v. U.S. Department of Justice,* No. 25-5248 (D.C. Cir.).

DATED: September 3, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ Steven M. Chasin*
STEVEN M. CHASIN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-0747
Steven.M.Chasin2@usdoj.gov

*Counsel for Defendants*